[Civ. No. 2396. Third Appellate District.—March 16, 1922.]

A. W. ROSS, Respondent, v. C. L. CROWDER et al., Appellants.

[1] SALES—BALANCE DUE FOR GAS ENGINE—ADMISSIONS OF ANSWER—EVIDENCE—SUPPORT OF JUDGMENT.—In this action to recover an alleged balance due on account of the purchase price of a gas engine, the admissions of the answer and the undisputed evidence are sufficient to sustain the judgment in favor of the plaintiff.

APPEAL from a judgment of the Superior Court of Butte County. H. D. Gregory, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank Freeman for Appellants.

C. D. McComish for Respondent.

FINCH, P. J.—The defendant Crowder appeals from a judgment in favor of plaintiff for the sum of $550.

The complaint alleges:

"That on or about May 15, 1920, plaintiff sold and delivered to defendants at their special instance and request, one

40-H. P. Fairbanks-Morse Type N gas engine, for the sum of $1350, to be paid for upon delivery of said engine.''

''That on or about May 17, 1920, defendants paid $800.00 on the purchase price of said engine, but the balance of $550.00 is still unpaid, due and owing.''

The defendants answered as follows:

''They deny that on or about May 15th, 1920, or at any time alleged in the complaint, or at all, they were indebted to plaintiff in the sum of $550.00, or any other sum of money whatever, on account of anything alleged in said complaint; or that said sum, or any sum, was, when the action was begun, or is now, unpaid, or due, or owing.''

The answer raises no issue except as to the payment of the $550 alleged in the complaint to be due and unpaid. The evidence shows without contradiction that no part of the $550 had been paid.

[1] Notwithstanding the admissions of the answer by failure to deny, plaintiff introduced evidence to prove the first paragraph of his complaint. The evidence shows that W. S. Gauze was in charge of certain land of Crowder as manager; that he had charge of the drilling of wells thereon, and was ''attending to the farming'' of the land; that plaintiff, in a telephone conversation with Crowder, offered to sell him the engine in question for $1,350; that Crowder replied that he would arrange to inspect it; that the engine was thereafter taken by ''the Crowder people'' and was used on such land in operating a pump, and that Gauze sent plaintiff a check for $800 signed by C. L. Crowder & Company in part payment of the purchase price. The defendants offered no testimony and the foregoing evidence is wholly uncontradicted. The undisputed evidence is sufficient to sustain the judgment. Even if this were not so, the answer admits the sale of the engine to defendants at the price alleged and the payment of $800 thereof. The evidence shows that $550 of the purchase price remained unpaid and the court so found. Nothing further was required to entitle plaintiff to judgment.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.